**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2696
_____

LINWOOD BRANT,
Appellant

v.

D.  VARANO; MAJOR M. MILLER; SECURITY CAPT. STETLER;
UNIT MANAGER KLOCK; LT. SHIPE; LT. EVELAND;LT. SYMONS;
LT. WILLIAMS; CO BAKER;C/O DRUCIS; CO KNARR; C.O. METZINGER;
CO DEREMER; CO KINBREL; KERNS, Hearing Examiner;
MR. BARR, Hearing Examiner
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-00212)
District Judge: Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2017

Before:  GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 16, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Linwood Brant appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his 42 U.S.C. § 1983 action. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

I.

According to Brant, on February 25, 2011, he was given a misconduct for assault and placed in the Restricted Housing Unit ("RHU") at State Correctional Institution Coal Township, Pennsylvania. At that time, Brant informed Captain Stetler that he would file a law suit if he got into trouble for failing to name an inmate involved in an assault the previous day. Brant later learned from other inmates that Officers Kimbrel and Knarr had packed his property from his former cell and that Officer Knarr had thrown away his legal material. Some inmates recovered the documents and, after Officer Deremer refused to take the documents, gave the materials to Lieutenant Williams. A few days after Brant was moved to the RHU, he was taken to inventory his personal property and saw that a TV remote, commissary items, and legal documents were missing.

Brant filed multiple grievances, all of which were investigated and denied by prison staff. Officer Knarr and Captain Stetler told Brant around this time that his legal material had been discarded due to his threat to file a law suit. In April, Brant received about ten pages of his missing legal material; however, the majority of Brant's legal materials, including affidavits relating to his Post Conviction Relief Act ("PCRA") petition, were not among the returned documents. In July, Lieutenant Williams threatened to harm Brant's property due to the grievances he had filed. On July 23, 2011,

2

Lieutenant Williams admitted to another inmate that he had destroyed Brant's legal materials because Brant had filed grievances. In August 2011, Brant discovered that his stored property, including legal materials, had been destroyed.

Brant initiated this § 1983 action in 2013 against sixteen employees of the Pennsylvania Department of Corrections at SCI-Coal Township. After the District Court granted the defendants' motion to dismiss as to Brant's claims against defendants Miller, Stetler, Klock, Shipe, Symons, Eveland, Baker, Drucis, Kerns-Barr, and Fox, the remaining defendants filed a motion for summary judgment, which was referred to Magistrate Judge Martin C. Carlson. On March 21, 2016, the Magistrate Judge recommended that summary judgment be granted as to Brant's claim of access to courts and his retaliation claims against Superintendent Varano and Officer Kimbrel. However, the Magistrate Judge recommended that summary judgment be denied on Brant's retaliation claims against Lieutenant Williams, Officer Deremer, and Officer Knarr. The defendants filed objections to the Magistrate Judge's report and recommendation. On May 5, 2016, the District Court adopted in part the Magistrate Judge's recommendation and granted the defendants' motion for summary judgment as to all of Brant's claims. Brant now appeals, arguing that summary judgment was not proper.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's award of summary judgment is plenary, and we apply the same test the District Court utilized – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney,

571 F.3d 318, 322 (3d Cir. 2009). In applying this test, we must accept evidence presented by the non-movant as true and draw all justifiable inferences in his favor. Id.

III.

To prevail on his access to courts claim, Brant must show that the denial of access caused actual injury by demonstrating that he lost the opportunity to present a "nonfrivolous" and "arguable" claim. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Brant claimed that he lost his ability to file a PCRA petition in Pennsylvania state court because affidavits from Barron Robinson and Michael Thorpe were destroyed by prison staff members. Brant asserted that this destruction prevented him from presenting in a PCRA petition the claim that he did not voluntarily absent himself from his violation of probation hearing.[1] It is undisputed that Brant filed a PCRA petition in June 2011 advancing this claim. The petition was dismissed as untimely by the state court. See 42 Pa.C.S. § 9545(b). Accordingly, the District Court properly granted summary judgment as to Brant's access to courts claim.

To sustain a retaliation claim, an inmate must demonstrate that: (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). The District Court properly granted summary judgment in favor of Superintendent Varano and Officers Deremer, Metzinger, and Kimbrel, as they did not have any personal involvement in the

---

[1] In 2002, the state court determined that Brant had violated his probation after a hearing held in absentia. At the time of the hearing, the court found that Brant had voluntarily left the hearing.

4

destruction of Brant's legal materials. Brant has not shown adverse action based on Kimbrel's mere presence when the documents were destroyed, Metzinger's presence when Knarr admitted to destroying legal materials, Varano's denial of administrative remedies, and Deremer's refusal to accept legal material from other inmates.

However, with regard to Brant's claim that Officer Knarr retaliated against him when he discarded his legal material, the District Court incorrectly determined that Brant had not shown he was engaged in protected conduct prior to Officer Knarr's actions. We have held that an appellant engaged in constitutionally protected activity when he informed prison officials of his intent to file a grievance and requested an appropriate form. Watson v. Rozum, 834 F.3d 417, 422-23 (3d Cir. 2016). Brant stated that in the morning of February 25, 2011, he informed Captain Stetler of his intent to file a law suit. That afternoon, Officer Knarr discarded Brant's legal material when he was transferred to the RHU. On March 11, 2011, Officer Knarr stated, "that's why I threw away your legal work[,] for being a pain in the ass wanting to file law suits." Plaintiff's Declaration at 5, Brant v. Varano, No. 3:13-cv-00212 (M.D. Pa. May 5, 2016), ECF No. 55-3. On March 18, 2011, Captain Stetler told Brant that he knew that Officer Knarr had discarded Brant's legal material and that Brant "should have thought about that when [Brant] told him [he] would file a law suit." Id. Accordingly, Brant has made a prima facie showing that he was engaged in protected activity prior to Officer Knarr's destruction of his legal material.

An adverse action must be sufficient "to deter a person of ordinary firmness" from exercising his constitutional rights. See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir.

5

2000). Having legal materials destroyed during the course of active litigation is more than a de minimis consequence. See Watson, 834 F.3d at 423. Thus, Brant made a prima facie showing that he suffered adverse action when his legal materials were destroyed.

A prisoner can establish a prima facie case of causation with evidence of: "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Id. at 424. Here, Brant threatened to file a law suit on February 25, 2011, and that same day, Officer Knarr discarded Brant's legal materials. A span this short is suggestive of retaliation at the prima facie stage. See, e.g., Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989) (two days is suggestive of a causal link). Additionally, Brant asserts that both Officer Knarr and Captain Stetler admitted that the destruction of Brant's legal material was related to his intent to file a law suit.

"[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. Appellees assert that it was customary to pack and inventory inmates' property and confiscate any contraband. However, Appellees do not assert that Brant's property that was packed, inventoried, or confiscated by Officer Knarr contained any legal material. Moreover, Officer Knarr has denied discarding any legal material and, in any event, has not presented any legitimate penological reason for the destruction of legal

6

material.  Therefore, Appellees have not shown that Officer Knarr was entitled to summary judgment as a matter of law.

Brant also sought relief based on Lieutenant Williams' retaliation in the summer of 2011.  According to Brant and inmate La-Qun Williams, on July 1, 2011, Lieutenant Williams threatened to tamper with Brant's legal material in storage if he did not stop filing grievances.  On July 15, 2011, Brant filed a grievance about this interaction and requested to inventory his property.  On July 23, 2011, Lieutenant Williams told inmate Tyrik Vernon that he had destroyed Brant's legal material in retaliation for his filing grievances.  On August 10, 2011, Brant was permitted to inventory his property, and he discovered that his legal material had been destroyed.  In responding to one of Brant's grievances, prison authorities acknowledged that Brant's legal paperwork had been destroyed, but asserted it was destroyed by mice, not by Lieutenant Williams.  Brant appealed this decision, arguing that the destruction he observed did not appear to have been done by mice.

Brant's use of the grievance system qualifies as protected activity.  See Watson, 834 F.3d at 422; Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  Brant filed a grievance on July 15, 2016, complaining of Lieutenant Williams' threat to tamper with his legal material two weeks earlier.  Brant asserts that, within eight days, Lieutenant Williams admitted to another inmate that he had destroyed Brant's legal material, and the destruction was confirmed by Brant three weeks later.  Taken together, this temporal proximity and Lieutenant Williams' admission are sufficient to create an inference of causality.  See, e.g., Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 307 (3d

Cir. 2012) (seven days held sufficient to show "unduly suggestive temporal proximity" at the prima facie stage). As Lieutenant Williams has denied that he destroyed Brant's legal material, he cannot argue on this record that he would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. See Rauser, 241 F.3d at 334. Therefore, we conclude that summary judgment was not proper as to Lieutenant Williams as well.

For the reasons set forth above, we will affirm the District Court's order to the extent it granted summary judgment as to Brant's access to courts claim and his retaliation claims against Varano, Deremer, Metzinger, and Kimbrel, but we will vacate the order to the extent it granted summary judgment in favor of Knarr and Williams, and we will remand for further proceedings.